IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-275-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENDWALL KENDELL BARNES, ) | |
| ) | |
| Defendant. ) | |

On January 9, 2012, pursuant to a written plea agreement, Kendwall Kendell Barnes ("Barnes") pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack). See [D.E. 29, 30]. On June 28, 2012, the court held Barnes's sentencing hearing. See [D.E. 40, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Barnes's offense level to be 35, his criminal history category to be VI, and his advisory guideline range on count three to be 292 to 365 months' imprisonment. See [D.E. 42]. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) [D.E. 39], and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Barnes to 216 months' imprisonment. See [D.E. 40, 41]. Barnes did not appeal.

On February 29, 2016, Barnes moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 46]. Barnes's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 33 and a criminal history category of VI. See Resentencing Report. Barnes requests a 174-month sentence. See id.; [D.E. 46]. On March 1, 2016, the government responded. See [D.E. 47].

The court has discretion under Amendment 782 to reduce Barnes's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Barnes's sentence, the court finds that Barnes engaged in serious criminal behavior. See PSR ¶¶ 12–14. Moreover, Barnes is a violent recidivist and has convictions for assault inflicting serious injury, shooting within city limits, possession of marijuana, assault on a female, injury to real property (three counts), possession of stolen goods or property, resisting a public officer, driving while impaired (two counts), possession with intent to sell and deliver marijuana, possession of cocaine (three counts), possession of a controlled substance on prison or city jail premises, reckless driving, flee or elude arrest with a motor vehicle, and driving while license revoked (six counts). See PSR ¶¶ 16–41. Barnes also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 19–21, 24, 29, 32, 37, 40, 57–68. Nonetheless, Barnes has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Barnes received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Barnes's sentence would threaten public safety in light of his serious

2

criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Barnes's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. 1959, 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Barnes's motion for reduction of sentence [D.E. 46].

SO ORDERED. This 20 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge